

U.S. Department of Justice   CR 13-083 (EGS)

Ronald C. Machen Jr.
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

March 5, 2013

Barbara Van Gelder, Esquire
Mary Kim, Esquire
Dickstein Shapiro LLP
1825 Eye Street, N.W.
Washington, D.C. 20006-5403

**FILED**
**APR 1 1 2013**
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Re: **Min Jung Cho**

Dear Counsel:

This letter sets forth the full and complete plea offer to your client, Min Jung Cho, from the Criminal Division of the Office of the United States Attorney for the District of Columbia (hereinafter, "this Office"). If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the Plea Agreement. The terms of the offer are as follows:

1. **Charges and Statutory Penalties**

Your client agrees to waive indictment, a jury trial, any objections to venue and to plead guilty to a one count Information charging one count of conspiracy to commit bribery, a felony violation of Title 18, United States Code, Section 371.

Your client understands that pursuant to Title 18, United States Code, Section 371, the maximum sentence that can be imposed for conspiracy to commit bribery is 5 years imprisonment, a fine of $250,000, or a fine of twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d), a $100 special assessment, a three-year term of supervised release, an order of restitution, an order of forfeiture, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made.

In consideration of your client's plea to the above offenses, your client will not be further prosecuted criminally by this Office for the conduct set forth in the attached Statement of Offense.

2.      **Factual Stipulations**

Your client agrees that the attached "Statement of the Offense" fairly and accurately describes your client's actions and involvement in the offense to which your client is pleading guilty. It is anticipated that prior to or during the plea hearing, your client will adopt and sign the Statement of the Offense as a written proffer of evidence.

3.      **Sentencing Guidelines Stipulations and the Stipulated Guidelines Offense Level**

Your client understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, Guidelines Manual (2011) (hereinafter "Sentencing Guidelines" or "U.S.S.G"). Pursuant to Rule 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the parties stipulate to the following:

    A.      **Offense Level under the Sentencing Guidelines**

The parties agree that the following Sentencing Guidelines sections apply:

| § | Description | Level |
|---|---|---|
| § 2C1.1(a)(2) | Base Offense Level | 12 |
| § 2C1.1(b)(1) | More than one bribe | 2 |
| § 2C1.1(b)(2) | More than $2,500,000 in payments | 18 |
| § 3C1.1 | Obstructing or Impeding the Administration of Justice | 2 |

Total                                                                                   34

    B.      **Acceptance of Responsibility: 3-Level Reduction**

This Office agrees that a two-level reduction would be appropriate, pursuant to U.S.S.G. § 3E1.1(a), provided that your client clearly demonstrates acceptance of responsibility, to the satisfaction of this Office, through your client's allocution, *adherence to every provision of this Plea Agreement,* and subsequent conduct prior to the imposition of sentence. Furthermore, assuming your client has accepted responsibility as described in the previous sentence, this Office agrees that an additional one-level reduction would be appropriate, pursuant to § 3E1.1(b), U.S.S.G., because your client has assisted authorities by providing timely notice of your client's intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

    C.      **Stipulated Guidelines Offense Level**

Your client's **Stipulated Guidelines Offense Level is 31.**

D. **Criminal History Category**

The parties agree that, based upon information available to them to date, your client's Criminal History Category is I. Your client understands that if she is adjudicated guilty of conduct not part of the instant offenses prior to her sentencing in the instant case, she may incur additional criminal history points pursuant to U.S.S.G. §§ 4A1.1 and 4A1.2(a).

E. **Stipulated Guidelines Range**

Your client understands that her **Stipulated Guidelines Range for the Stipulated Guidelines Offense Level is 108-135 months**, assuming Criminal History Category I. Your client understands, however, that the maximum statutory sentence may not exceed **60 months**. Your client understands that the fine range under the Sentencing Guidelines applicable to the Stipulated Guidelines Offense Level 31 is from $15,000 to $150,000.

4. **Agreement as to Sentencing Allocution**

The parties further agree that a sentence of imprisonment within the statutory maximum and a fine within the Stipulated Guidelines Range, if determined in accordance with the parties' stipulations in this Plea Agreement, would constitute a reasonable sentence in light of all of the factors set forth in Title 18, United States Code, Section 3553(a). However, the parties agree that either party may seek a sentence below the statutory maximum or a fine outside of the Stipulated Guidelines Range and may suggest that the Court consider a fine outside of the Stipulated Guidelines Range based upon the factors to be considered in imposing sentence pursuant to Title 18, United States Code, Section 3553(a).

Nothing in this Plea Agreement limits the right of this Office to seek denial of the adjustment for acceptance of responsibility, see U.S.S.G. §3E1.1, regardless of any stipulation set forth above, should your client move to withdraw your client's guilty plea once it is entered, or should it be determined that your client has either (i) engaged in conduct, unknown to this Office at the time of the signing of this Plea Agreement, which constitutes obstruction of justice, or (ii) engaged in additional criminal conduct after signing this Plea Agreement.

5. **Cooperation with this Office**

Your client agrees to cooperate with this Office on the following terms and conditions:

(a) Your client shall cooperate fully, truthfully, completely, and forthrightly with this Office and other Federal, state, and local law enforcement authorities identified by this Office in any and all matters as to which this Office deems the cooperation relevant. Your client acknowledges that your client's cooperation may include, but will not necessarily be limited to: answering questions; providing sworn written statements; taking government administered polygraph examinations(s); and participating in covert law enforcement activities. Any refusal by your client to cooperate fully, truthfully, completely, and forthrightly as directed by this Office and other

Federal, state, and local law enforcement authorities identified by this Office in any and all matters in which this Office deems your client's assistance relevant will constitute a breach of this Plea Agreement by your client, and will relieve this Office of its obligations under this Plea Agreement, including but not limited to its obligation to file a departure motion pursuant to Section 5K1.1 of the Federal Sentencing Guidelines and/or 18 U.S.C. § 3553(e). Your client agrees, however, that such breach by your client will not constitute a basis for withdrawal of your client's plea of guilty or otherwise relieve your client of her obligations under this Plea Agreement.

(b) Your client shall promptly turn over to this Office or other law enforcement authorities or direct such law enforcement authorities to any and all evidence of crime; all contraband and proceeds of crime; and all assets traceable to such proceeds of crime.

(c) Your client shall submit a full and complete accounting of all your client's financial assets, whether such assets are in your client's name or in the name of a third party.

(d) Your client shall testify fully, completely, and truthfully before any and all grand juries in the District of Columbia, and elsewhere, and at any and all trials or cases or other court proceedings in the District of Columbia and elsewhere, at which your client's testimony may be deemed relevant by this Office.

(e) Your client understands and acknowledges that nothing in this Plea Agreement allows your client to commit any criminal violation of local, state, or federal law during the period of your client's cooperation with law enforcement authorities or at any time prior to the sentencing in this case. The commission of a criminal offense during the period of your client's cooperation or at any time prior to sentencing will constitute a breach of this Plea Agreement and will relieve this Office of all of its obligations under this Plea Agreement, including but not limited to its obligation to file a departure motion pursuant to Section 5K1.1 of the Sentencing Guidelines and/or 18 U.S.C. § 3553(e). However, your client acknowledges and agrees that such a breach of this Plea Agreement will not entitle your client to withdraw your client's plea of guilty or relieve your client of her obligations under this Plea Agreement. Your client further understands that, to establish a breach of this Plea Agreement, this Office need only prove your client's commission of a criminal offense by a preponderance of the evidence.

Your client understands that if she falsely implicates a person in the commission of a crime, or exaggerates the involvement of any person in the commission of a crime in order to appear to cooperate, or if she falsely minimizes the involvement of any person in the commission of a crime in order to protect that person, your client will be in violation of the terms of this Plea Agreement. Nothing in this Plea Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Plea Agreement or committed by your client after the execution of this Plea Agreement. Your client understands and agrees that the United States reserves the right to prosecute her for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this

Plea Agreement shall constitute a breach of this Plea Agreement. However, in the event of such a breach, your client will not be allowed to withdraw her guilty plea.

Your client understands that the determination of whether your client has provided substantial assistance pursuant to either Section 5K1.1 of the Sentencing Guidelines or 18 U.S.C. § 3553(e), as more fully explained later in this Plea Agreement, is within the sole discretion of the United States Attorney's Office for the District of Columbia and is not reviewable by the Court. Your client understands that if this Office does not file a motion for downward departure, the Court may not grant a downward departure pursuant to Section 5K1.1 of the Sentencing Guidelines or 18 U.S.C. § 3553(e). In any event, your client specifically agrees not to seek a downward departure, without Government motion, based on any assistance provided in the investigation(s) or prosecutions(s) of another person(s) who has committed a federal, state, local, or any other offense. Your client agrees and acknowledges that the failure of this Office to file a substantial assistance departure motion shall not be grounds for your client to move to withdraw your client's plea of guilty in this case or otherwise relieve your client of her obligations under this Plea Agreement.

This Office will bring to the Court's attention at the time of sentencing the nature and extent of your client's cooperation or lack of cooperation.

This Office will inform the Departure Guideline Committee of the United States Attorney's Office for the District of Columbia about the nature and extent of your client's cooperation. If the Departure Guideline Committee of the United States Attorney's Office for the District of Columbia, after evaluating the full nature and extent of your client's cooperation, determines that your client has provided substantial assistance, then this Office will file a departure motion pursuant to Section 5K1.1 and 18 U.S.C. § 3553(e). In the event this Office, in its sole discretion, decides to file a departure motion pursuant to Section 5K1.1 and 18 U.S.C. § 3553(e), your client will be afforded an opportunity to persuade the Court that she should be sentenced to a lesser period of incarceration than otherwise required by either the Sentencing Guidelines or any applicable mandatory minimum sentence established by statute. However, notwithstanding a determination by the Departure Guideline Committee of the United States Attorney's Office for the District of Columbia that your client has provided substantial assistance, in the event your client should fail to specifically perform and fulfill completely each and every one of your client's obligations under this Plea Agreement, then, this Office will be free from its obligations under the Plea Agreement, including but not limited to its obligations to file a departure motion pursuant to Section 5K1.1 of the Sentencing Guidelines and/or 18 U.S.C. § 3553(e).

### 6. **Cooperation with the IRS**

Your client understands that this Plea Agreement does not resolve any civil tax liability that she may have. The Internal Revenue Service ("IRS") is not a party to this Plea Agreement and remains free to pursue any and all lawful civil remedies it may have. Your client further agrees to cooperate fully with the IRS in any civil examination and determination by it of income taxes related to taxes owed by her for 2007 through 2010 and further agrees not to conceal or dissipate funds or

property that could be used to satisfy such taxes. To this end, if requested by the IRS, your client agrees to meet with the IRS no later than prior to the time of her sentencing. Your client also agrees to undertake to pay all taxes, penalties, and interest found to be lawfully owed and due to the IRS for the years 2007 through 2010. If and as requested by the IRS, your client shall cooperate with and provide the IRS any documentation within her possession and control, other than documents subject to the attorney-client privilege, necessary for a correct computation of all taxes due and owing for the aforementioned calendar years. Nothing in this Plea Agreement shall otherwise limit the IRS in its determination of taxes, penalties, and interest or your client's rights to available process to contest such civil determination.

### 7. Court Not Bound by the Plea Agreement

It is understood that pursuant to Rules 11(c)(1)(B) and 11(c)(3)(B), the Court is not bound by the above stipulations, either as to questions of fact or as to the parties' determination of the applicable Guidelines range, or other sentencing issues. In the event that the Court considers any Guidelines adjustments, departures, or calculations different from any stipulations contained in this Plea Agreement, or contemplates a sentence outside the Guidelines range based upon the general sentencing factors listed in Title 18, United States Code, Section 3553(a), the parties reserve the right to answer any related inquiries from the Court.

### 8. Court Not Bound by the Non-Mandatory Sentencing Guidelines

It is understood that the sentence to be imposed upon your client is determined solely by the Court. It is understood that the Sentencing Guidelines are not binding on the Court. Your client acknowledges that your client's entry of a guilty plea to the charged offense authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence, which may be greater than the applicable Sentencing Guidelines range. This Office cannot, and does not, make any promise or representation as to what sentence your client will receive. Moreover, it is understood that your client will have no right to withdraw your client's plea of guilty should the Court impose a sentence outside the Sentencing Guidelines range.

### 9. Forfeiture

(a) Your client agrees to the forfeiture set forth in the Forfeiture Allegation in the Criminal Information to which she is pleading guilty. Specifically, your client agrees to the forfeiture of a money judgment in the amount of $6,884,948.16. Your client will be jointly and severally liable for this amount with Young N. Cho and Nova Datacom. Your client may also be jointly and severally liable for this amount with any other former or current principals of Nova Datacom who are convicted of an offense or offenses arising from the conduct described in the Statement of Offense. The government agrees to credit $4,784,948.16, which represents the value of property already forfeited by Min Cho and Young N. Cho, against satisfaction of the money judgment amount.

(b) Your client agrees that the proffer of evidence supporting your client's guilty plea is sufficient evidence to support this forfeiture. Your client agrees that the Court may enter a preliminary Consent Order of Forfeiture for this property at the time of her guilty plea or at any time before sentencing. Your client agrees that the Court will enter a Final Order Of Forfeiture for this property as part of her sentence.

(c) Your client agrees that this plea agreement permits the government to satisfy the referenced money judgment through forfeiture of any of your client's assets, real or personal, regardless of whether a specific asset is identified in this plea agreement. Regarding any asset or property, your client agrees to forfeiture of all interest in: any property, real or personal, which constitutes or is derived from proceeds traceable to the violation to which she is pleading guilty; and (2) any substitute assets for property otherwise subject to forfeiture. See 28 U.S.C. § 2461(c); 18 U.S.C. § 981(a)(1)(C); and 21 U.S.C. § 853(p).

(d) Your client agrees that the government may choose in its sole discretion how it wishes to accomplish forfeiture of the property whose forfeiture she has consented to in this plea agreement, whether by criminal or civil forfeiture, using judicial or non-judicial forfeiture processes. If the government chooses to effect the forfeiture provisions of this plea agreement through the criminal forfeiture process, your client agrees to the entry of orders of forfeiture for such property and waives the requirements of Federal Rule of Criminal Procedure 32.2 regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Your client understands that the forfeiture of assets is part of the sentence that may be imposed in this case, and she waives any failure by the Court to advise her of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time of her guilty plea.

(e) Your client agrees to take all necessary actions to identify all assets over which your client exercises or exercised control, directly or indirectly, at any time since January 1, 2007, or in which your client has or had during that time any financial interest. Your client will complete and provide to the undersigned Assistant United States Attorney a standard financial disclosure form, which has been provided to you with this plea agreement, no later than ten days after she receives this plea agreement. Your client agrees to take all steps as requested by the Government to obtain from any other parties by any lawful means any records of assets owned at any time by your client. Your client agrees to provide and/or consent to the release of your client's tax returns for the previous five years. Your client agrees to take all steps as requested by the Government to pass clear title to forfeitable interests or to property to the United States and to testify truthfully in any judicial forfeiture proceeding.

(f) Your client agrees to waive all constitutional and statutory challenges in any manner (including, but not limited to, direct appeal) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment

(g) The United States Attorney's Office agrees to make a non-binding recommendation to the Asset Forfeiture and Money Laundering Section at the Department of Justice that any monies

obtained from your client through forfeiture be distributed to the victims of the offense in accordance with any restitution order entered in this case.

### 10. Restitution

(a) In addition to the other penalties provided by law, the Court may also order that your client make restitution under 18 U.S.C. § 3663A. Payments of restitution shall be made to the Clerk of the Court. Your client agrees that, within 10 days after it receives this plea agreement, she will submit a completed financial statement to the U.S. Attorney's Office, in a form it provides and as it directs. Your client promises that her financial statement and disclosures will be complete, accurate, and truthful.

(b) Your client expressly authorizes this Office to obtain a credit report on her in order to evaluate her ability to satisfy any financial obligations imposed by the Court or agreed to herein.

(c) Your client understands and agrees that the restitution or fines imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, your client understands that the schedule of payments is merely a minimum schedule of payments and will not be the only method, nor a limitation on the methods, available to the United States to enforce the criminal judgment. If your client is sentenced to a term of imprisonment by the Court, she agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs the participation or imposes a schedule of payments.

(d) Your client certifies that she has made no transfer of assets in contemplation of this prosecution for the purpose of evading or defeating financial obligations that are created by the Agreement and/or that may be imposed upon him by the Court. In addition, your client promises that she will make no such transfers in the future until she has fulfilled the financial obligations under this Agreement.

### 11. Release/Detention

This Office will not oppose your client's release pending sentencing. Your client acknowledges that while this Office will not seek a change in your client's release conditions pending sentencing, the final decision regarding your client's bond status or detention will be made by the Court at the time of your client's plea of guilty. This Office may move to change your client's conditions of release if your client engages in further criminal conduct prior to sentencing or if this Office obtains information that it did not possess at the time of your client's plea of guilty and that is relevant to whether your client is likely to flee or to pose a danger to the community.

### 12. Breach of Plea Agreement

Your client understands and agrees that if, after entering this Plea Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Plea Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Plea Agreement. In the event of such a breach: (a) this Office will be free from its obligations under the Plea Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) this Office will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Plea Agreement or during the course of any debriefings conducted in anticipation of, or after entry of this Plea Agreement, including your client's statements made during proceedings before the Court pursuant to Rule 11.

Your client acknowledges discussing with you Rule 11(f) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules.

Your client understands and agrees that this Office shall only be required to prove a breach of this Plea Agreement by a preponderance of the evidence. Your client further understands and agrees that this Office need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Plea Agreement.

Nothing in this Plea Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Plea Agreement or committed by your client after the execution of this Plea Agreement. Your client understands and agrees that this Office reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Plea Agreement shall constitute a breach of this Plea Agreement. However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

### 13. Waiver of Statute of Limitations

It is further agreed that should the conviction following your client's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that this Office has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of

limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

### 14. Waiver of Appeal and Venue

Your client is also aware that the parties' calculation of the sentencing range under the Sentencing Guidelines is not a promise of the sentence to be imposed on her and is not binding on the Court. Knowing that, your client waives the right to appeal her sentence or the manner in which it was determined pursuant to 18 U.S.C. § 3742, except to the extent that the Court sentences your client to a period of imprisonment longer than the statutory maximum. Further, your client reserves her right to make a collateral attack upon her sentence pursuant to 28 U.S.C. § 2255 if new and currently unavailable information becomes known to her. In agreeing to this waiver, your client is aware that her sentence has not yet been determined by the Court. Realizing the uncertainty in estimating what sentence the Court will ultimately impose, your client knowingly and willingly waives her right to appeal the sentence, to the extent noted above, in exchange for the concessions made by this Office in this Plea Agreement. Your client also knowingly and willingly waives her right, if any, to challenge her conviction or appeal the sentence based on venue.

### 15. Debarment

Your client understands that, upon sentencing, this Office will report her conviction to the Department of Justice Assistance pursuant to 10 U.S.C. § 2408 for inclusion in the Defense Procurement Fraud Debarment Clearinghouse database and the System for Award Management of the General Services Administration. Your client understands that 10 U.S.C. § 2408 provides for a mandatory term of debarment of at least five years, which term may only be waived if the Secretary of Defense determines a waiver is in the interests of national security. Your client understands that she also may be subject to administrative action by other federal or state agencies, based upon the conviction resulting from this Plea Agreement and upon grounds other than 10 U.S.C. § 2408, and that this Plea Agreement in no way controls whatever action, if any, other agencies may take. Your client nevertheless affirms that she wants to plead guilty regardless of the debarment or administrative action consequences of her plea. Therefore, your client waives any and all challenges to her guilty plea and to her sentence based on the debarment or administrative action consequences of her plea, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging her guilty plea, conviction, or sentenced based on such consequences of her guilty plea. However, this Office agrees that, if requested, it will advise the appropriate officials of any governmental agency considering such administrative action of the fact, manner, and extent of any cooperation of your client as a matter for that agency to consider before determining what administrative action, if any, to take.

### 16. Complete Agreement

No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements,

promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney for the District of Columbia.

Your client further understands that this Plea Agreement is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. This Plea Agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. This Plea Agreement also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client.

If the foregoing terms and conditions are satisfactory, your client may so indicate by signing the Plea Agreement in the space indicated below and returning the original to me once it has been signed by your client and by you or other defense counsel.

Sincerely yours,

Ronald C. Machen Jr.
UNITED STATES ATTORNEY

By: 
Michael K. Atkinson
James E. Smith
Anthony Saler
Assistant United States Attorneys

## DEFENDANT'S ACCEPTANCE

I have read this Plea Agreement and have discussed it with my attorneys, Barbara Van Gelder, Esquire and Mary Kim, Esquire. I fully understand this Plea Agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Plea Agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in this Plea Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement. I am satisfied with the legal services provided by my attorney in connection with this Plea Agreement and matters related to it.

Date: 4/11/13

Min Jung Cho
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

We have read each of the pages constituting this Plea Agreement, reviewed them with our client, and discussed the provisions of the Plea Agreement with our client, fully. These pages accurately and completely sets forth the entire Plea Agreement. We concur in our client's desire to plead guilty as set forth in this Plea Agreement.

Date: 4/11/13

Barbara Van Gelder
Mary Kim
Attorneys for the Defendant